UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DUSTIN REININGER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-356 |
| | § | |
| STUART JENKINS, *et al*, | § | |
| | § | |
| Respondents. | § | |

## OPINION AND ORDER TRANSFERRING PETITION
## TO THE DISTRICT OF NEW JERSEY

Petitioner, a resident of Rockport, Aransas County, Texas, has filed a § 2254 Petition challenging his firearms and related convictions and five-year sentence imposed by a court in the State of New Jersey (D.E. 1). According to the website for the New Jersey State Parole Board, Petitioner is on parole supervision until November 15, 2014.[1] He satisfies the "in custody" requirements for filing a § 2254 petition. *See Jones v. Cunningham*, 371 U.S. 236, 242 (1963) (custody requirement satisfied by release on parole). In this action, Petitioner does not challenge his release on parole, the calculation of his parole termination date, or any of the conditions of his parole; rather he challenges the legality of his state court convictions (D.E. 1).

In a Section 2254 proceeding, the proper Respondent is generally the immediate custodian, or warden of the facility where the Petitioner is physically held. Rule 2, Rules Governing Section 2254 Cases. Petitioner is on parole in New Jersey, but subject to courtesy supervision by the Texas parole authorities. He has named as Respondents

---

[1] http://www.state.nj.us/parole.

Stuart Jenkins, Director, Texas Department of Criminal Justice, Parole, and James T. Plousis, Chairman of the New Jersey State Parole Board.

The jurisprudence developed beginning with *Braden v. 30th Judicial Circuit Court of Ky,* 410 U.S. 484, 495 (1973), makes it clear that Petitioner's action should be heard and decided in the District of New Jersey. *Braden* recognized an exception to the immediate custodian rule where the immediate custodian is not the person who is holding the petitioner in what is alleged to be unlawful custody. 410 U.S. at 494-501. In *Braden*, the petitioner was detained in an Alabama prison on an Alabama conviction but was challenging his right to a speedy trial on a Kentucky charge. The Supreme Court held that the officials in Kentucky, and not the petitioner's immediate physical custodian, were the proper respondents. *Id*. The Supreme Court affirmed the petitioner's original choice of forum, the courts in Kentucky, even though petitioner was confined in Alabama. *Id.*

Present in this case but missing in *Braden* is the added dilemma that this Court, located in the Southern District of Texas, does not have jurisdiction over any parole officials in New Jersey, or the Attorney General for the State of New Jersey, or the state itself. *See Norris v. State of Ga.*, 522 F.2d 1006, 1010 (4th Cir. 1975) (District Court had no jurisdiction over the states of Georgia and Louisiana and their prosecuting officials when petitioner incarcerated in North Carolina filed habeas action in North Carolina challenging pending criminal charges in Georgia and Louisiana). *Accord Holder v. Curley*, 749 F.Supp.2d 644 (E.D. Mich. 2010) (habeas petition filed by petitioner incarcerated in Michigan but challenging Pennsylvania conviction would be transferred to the Middle District of Pennsylvania); *Downer v. Cramer*, No. 2:09cv106-P-A, 2009

WL 2922996 (N.D. Miss. Sept. 2, 2009) (unpublished) (transferring petition filed by Mississippi prisoner challenging California conviction back to California pursuant to 28 U.S.C. § 1404(a) because the proper respondent was the State of California, California law and procedures govern, and all records, evidence, witnesses, prosecutors, and defense attorneys are in California).

Additionally, for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §§ 1404(a) and 1406(a). In this case, the records of Petitioner's conviction, the witnesses, the lawyers, the prosecutors, and the evidence are located in New Jersey. Petitioner's true custodian, the parole authorities in New Jersey, are located there. Finally, though petitioner is on parole, he is not in physical custody in Texas, and if his presence is required in New Jersey, he can travel there. The interests of justice compel a transfer.

Accordingly, this case is transferred to the District of New Jersey.

ORDERED this 29th day of August, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE